**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| IRMA L. NEVAREZ,<br>　　　　　Appellant, | DOCKET NUMBER<br>SF-0752-14-0538-I-1 |
| 　　　v. | |
| DEPARTMENT OF THE ARMY,<br>　　　　　Agency. | DATE: February 27, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Pedro Gonzalez, Victorville, California, for the appellant.

Larry F. Estrada, Esquire, Los Angeles, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which affirmed her 30-day suspension.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 ([5 C.F.R. § 1201.115](#)). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly modified by this Final Order concerning one of the specifications supporting the charge of absence without leave (AWOL), *see* infra ¶ 5 n.3, we AFFIRM the initial decision.

¶2      The agency suspended the appellant for 30 days from her position as an equal opportunity assistant on charges of AWOL, failure to follow instructions, and failure to follow call-in procedures. Initial Appeal File (IAF), Tab 18 at 55-57 (letter of decision), 79-84 (notice of the proposed adverse action). In support of each of its charges, the agency relied upon multiple specifications detailing specific dates on which the appellant failed to secure approved leave in advance of her absences from work, failed to submit leave requests within an hour of her late arrival at work pursuant to the written instructions of her supervisor, and failed to contact her supervisor by 9:00 a.m. on dates when she would not be able to report to duty or would be reporting to duty late.[2] *Id*. at 79-84. The deciding official sustained all but one specification in support of the AWOL charge and one specification supporting the failure to follow call-in procedures

---

[2] The agency's time and attendance procedures permitted the appellant to work a flexible 8-hour schedule; she could begin working between 6:30 a.m. and 9:00 a.m., and complete work between 3:00 p.m. and 5:30 p.m. IAF, Tab 18 at 79.

charge, *id*. at 50-51, and he imposed the proposed 30-day suspension, *id.* at 55-57.

¶3 The appellant filed a timely appeal of her suspension and did not request a hearing. IAF, Tab 1. The administrative judge issued an initial decision sustaining each of the charges, although she did not sustain four of the eight specifications supporting the charge of failure to follow call-in procedures, and she sustained the 30-day suspension in light of the appellant's past disciplinary history and the repeated nature of the misconduct at issue. IAF, Tab 47, Initial Decision (ID) at 4-11, 17-19. In her initial decision, the administrative judge also denied the appellant's affirmative defenses of failure to accommodate and disparate treatment based on disability, and she also found that the appellant failed to raise a whistleblower reprisal affirmative defense in a timely manner. ID at 4 n.3, 16. The appellant has filed a petition for review arguing that the administrative judge should not have sustained the AWOL charge and that the agency failed to accommodate her disability. Petition for Review (PFR) File, Tab 3 at 3-4. The agency has filed a response in opposition to the petition for review. PFR File, Tab 8.

<u>The agency proved its charges of AWOL, failure to follow instructions, and failure to follow call-in procedures.</u>

¶4 To prove a charge of AWOL, the agency must show that the employee was absent and that either the absence was not authorized or leave was properly denied. *Dobert v. Department of the Navy*, <u>74 M.S.P.R. 148</u>, 150 (1997). To prove a charge of failure to follow instructions, the agency must establish that the employee (1) was given proper instructions, and (2) failed to follow those instructions, without regard to whether the failure was intentional or unintentional. *Powell v. U.S. Postal Service*, <u>122 M.S.P.R. 60</u>, ¶ 5 (2014). Similarly, an agency may discipline an employee for failure to follow call-in procedures (also known as leave-requesting procedures) provided she is clearly on notice of the agency's leave-requesting requirements and the likelihood of

discipline based on her continued failure to comply. *Valenzuela v. Department of the Army*, 107 M.S.P.R. 549, ¶ 9 (2007).

¶5    The administrative judge found that the agency established that the appellant was absent from work on multiple occasions between March 2013 and January 2014 without previously obtaining leave. ID at 4-7. The record below demonstrates that the appellant arrived for work after 9:00 a.m. on eight separate occasions during this timeframe without first obtaining approved leave, and that on one occasion she failed to report to duty without obtaining advanced approval. *See* IAF, Tab 18 at 86-127 (denied leave requests). In each instance, moreover, the agency denied her late requests for leave, citing her pattern of unscheduled leave usage and mission needs. *E.g.*, *id*. at 86. We agree with the administrative judge that the appellant was absent from work on the dates in question and that her absences were not approved.[3] ID at 6-7. The Board has found that whether an employee has an accrued annual leave balance is irrelevant to the question of whether the agency abused its discretion in denying an employee's request for leave; an employee must request approval to take leave in accordance with agency policies, and she cannot simply demand it. *See Roby v. Department of Justice*, 59 M.S.P.R. 426, 429 (1993). Additionally, we find the denials of the appellant's leave requests were reasonable where the appellant had a pattern of arriving for work late and requesting either unscheduled leave or leave without pay to cover her unscheduled absences.[4]    *See Dobert*, 74 M.S.P.R. at 150

---

[3] Upon reviewing the record, we find that the appellant received approval for her absence from work for 15 minutes on January 9, 2014. *See* IAF, Tab 19 at 55. Although the agency argued below that the appellant only received approved leave for January 8, 2014, the appellant's requests for leave for both dates were included on the same leave request form, which her supervisor approved. *Id*. We accordingly MODIFY the initial decision and do NOT SUSTAIN the agency's ninth specification of the agency's AWOL charge regarding the appellant's absence without leave on the morning of January 9, 2014. *See* IAF, Tab 18 at 80.

[4] We emphasize that the appellant worked a flexible 8-hour schedule and could arrive for work between 6:30 a.m. and 9:00 a.m. IAF, Tab 18 at 79. We find the agency's denial of the appellant's unscheduled leave requests for absences occurring after

(although annual leave is an entitlement, it is subject to the agency's right to fix the time at which it is taken). The administrative judge's initial decision sustaining the AWOL charge is AFFIRMED.

¶6    We also agree with the administrative judge that the agency proved its charges of failure to follow instructions and failure to follow call-in procedures. ID at 7-11. In December 2012, the appellant's immediate supervisor instructed the appellant to submit her leave requests within the first hour of her late arrival, and the record demonstrates that the appellant submitted leave requests beyond this 1-hour timeframe on eight separate occasions between March 2013 and January 2014.[5] IAF, Tab 18 at 86-127. The Board has held that employees must obey orders that are lawful on their face, and we have no reason to doubt the propriety of the agency's requirement that the appellant submit a leave request within an hour of her late arrival to work. *See Thompson v. U.S. Postal Service*, 50 M.S.P.R. 41, 45 (1991) (employees must obey lawful orders), *aff'd*, 956 F.2d 1065 (Fed. Cir. 1992) (Table). We agree, moreover, that the appellant also failed to abide by the agency's call-in procedures on the dates sustained by the administrative judge when she did not call in to report her absences from work by 9:00 a.m., and the appellant has presented nothing on review which would undermine the administrative judge's findings.[6] ID at 9-11. We thus AFFIRM the administrative judge's initial decision sustaining the charges of failure to follow instructions and failure to follow call-in procedures.[7]

---

9:00 a.m. reasonable in light of the flexibility afforded to the appellant to set her schedule on a daily basis.

[5] The appellant's leave requests contain electronic signatures reflecting the time and date she signed the requests for leave. *See, e.g.*, IAF, Tab 18 at 86-87 (leave request for March 25, 2014, submitted on March 26, 2014, at 6:01 p.m.).

[6] The agency has not challenged the administrative judge's decision not to sustain four of the supporting specifications for this charge.

[7] In some instances the Board has merged the charges of AWOL and failure to follow instructions or failure to follow leave-requesting procedures. *See, e.g.*, *Westmoreland v. Department of Veterans Affairs*, 83 M.S.P.R. 625, ¶ 6 (1999), *overruled on other*

The appellant did not prove her disability-based affirmative defenses.

¶7    In her initial decision, the administrative judge found that the appellant failed to prove her claims that the agency denied her a reasonable accommodation and treated her differently based on her disability.  ID at 11-16.  An agency is required to make a reasonable accommodation to the known physical and mental limitations of an otherwise qualified individual with a disability unless the agency can show that the accommodation would cause an undue hardship on its business operations.  *Miller v. Department of the Army*, 121 M.S.P.R. 189, ¶ 13 (2014);  29 C.F.R. § 1630.9(a).    Reasonable    accommodations    include modifications to the manner in which a position is customarily performed in order to enable a qualified individual with a disability to perform the essential functions of the position.  *Miller*, 121 M.S.P.R. 189, ¶ 13.  In order to establish a disability-based failure to accommodate, an employee must show that: (1) she is an individual with a disability; (2) she is a qualified individual with a disability, as defined by  29 C.F.R. § 1630.2(m); and (3) the agency failed to provide a reasonable accommodation.  *Miller*, 121 M.S.P.R. 189, ¶ 13.

¶8    We agree with the administrative judge that although the appellant is disabled within the meaning of the Rehabilitation Act, there is no evidence in the record supporting her claim that the agency denied her a reasonable accommodation when it suspended her for 30 days based upon several leave-related infractions.  ID at 12-13.  The record reflects that the agency accommodated the appellant on multiple occasions by permitting her to take

_____

*grounds*, *Ward v. U.S. Postal Service*, 634 F.3d 1274 (Fed. Cir. 2011).  The Board has merged these charges where the charge of AWOL is based solely on the appellant's failure to follow the agency's leave-requesting procedures.  *Id*.  Here, however, the agency relied upon different dates for its charges of AWOL and failure to follow call-in procedures, thus making merger of the charges inapplicable.  *See* IAF, Tab 18 at 79-83.  Additionally, although the charges of failure to follow instructions and AWOL are based on many, but not all, of the same dates, these charges contain different elements of proof, thus also precluding their merger.  *See Mann v. Department of Health & Human Services*, 78 M.S.P.R. 1, 7 (1998) (merger inapplicable where proof of one charge does not automatically prove another charge).

unscheduled leave when she was absent or late due to her disabling conditions, and the deciding official did not rely upon such instances in imposing the proposed suspension. *E.g.*, IAF, Tab 18 at 50-51 (the deciding official's decision not to sustain certain specifications of AWOL and failure to follow call-in procedures possibly related to the appellant's medical conditions). The appellant's belated leave requests on the remaining dates, however, do not suggest that her absences were caused or otherwise related to her medical conditions, and we agree with the administrative judge, that under such circumstances, the agency was not required to accommodate the appellant by approving her late requests for unscheduled leave. *See White v. Department of Veterans Affairs*, 120 M.S.P.R. 405, ¶ 12 (2013) (citing case law for the proposition that a requested accommodation must be effective); IAF, Tab 18 at 98 (late request for a delayed arrival due to traffic), 106 (late request for a delayed arrival due to the need to register a car), 110 (late request for a delayed arrival due to traffic). We further agree with the administrative judge that the appellant's medical evidence, which was submitted to the agency shortly before a decision was issued on her proposed suspension, does not contain a request for an accommodation or provide a medical justification for her absences on the dates cited in the notice of the proposed suspension.[8] *See Clemens v. Department of the Army*, 120 M.S.P.R. 616, ¶¶ 14-15 (2014) (appellant's medical documentation did not contain a request for an accommodation); IAF, Tab 36 at 113-16.

¶9      We also agree that the appellant did not carry her ultimate burden of proving that her 30-day suspension was motivated by her disabled status. ID at

---

[8] This evidence consists of a Family and Medical Leave Act certification reflecting that the appellant received medical treatment on several dates in 2012, 2013, and 2014, and that she may need to be absent from work during episodic flare-ups of her condition. *See* IAF, Tab 36 at 114-15. None of the dates included on the certification, however, are cited in the specifications supporting the agency's charges. *Compare id.* at 114, *with* IAF, Tab 18 at 79-84. As explained above, moreover, there is no suggestion that the appellant's absences from work on the dates cited in the proposed suspension were related to episodic flare-ups.

13-16. Where, as here, the record is complete, the Board has found that it is unnecessary to follow the traditional burden-shifting order of analysis when considering an affirmative defense of disparate treatment; rather, at this stage, the inquiry shifts from whether the appellant has established a prima facie case of discrimination to whether she has demonstrated by a preponderance of the evidence that the agency's reason for taking the challenged action was a pretext for discrimination.[9] *See Wingate v. U.S. Postal Service*, 118 M.S.P.R. 566, ¶ 4 (2012). In rejecting the appellant's disability-based disparate treatment affirmative defense, the administrative judge found that the appellant's proffered comparator was not similarly situated because she had a less-severe disciplinary history, and she further found that neither the proposing nor the deciding official harbored any animus toward the appellant based on her disability. ID at 15-16. We agree that the proffered comparator's less-severe disciplinary history sufficiently differentiates the appellant from the proposed comparator, and that the agency has presented a legitimate, nondiscriminatory reason for issuing the appellant a 30-day suspension based on her repeated leave-related infractions. ID at 15. We also find that there is no other evidence in the record suggesting that the agency's action was motivated by the appellant's disability—such as an unexplained inconsistency in the application of the agency's policies, or some evidence that the proposing or deciding officials lied—which would call into doubt the reasoning for the agency's action. *See Fox v. Department of the Army*, 120 M.S.P.R. 529, ¶ 36 (2014).

---

[9] The Board has applied this principle when an appellant requests a hearing and when an appellant requests an adjudication on the written record. *See Prather v. Department of Justice*, 117 M.S.P.R. 137, ¶ 37 (2011) (assessing whether an appellant carried the ultimate burden on a discrimination defense after the administrative judge affirmed the charge of misconduct upon a review of the written record).

The agency established nexus and the reasonableness of its penalty.

¶10    The Board has recognized a nexus between an employee's failure to follow leave-requesting procedures and AWOL status and the efficiency of an agency's operational mission. *See McNab v. Department of the Army*, 121 M.S.P.R. 661, ¶ 4 n.3 (2014); ID at 17. Under these facts, moreover, where all of the agency's charges have been sustained, the Board's role is limited to reviewing whether the agency-imposed penalty falls within the tolerable limits of reasonableness. *See Luciano v. Department of the Treasury*, 88 M.S.P.R. 335, ¶ 13 (2001), *aff'd*, 30 F. App'x 973 (Fed. Cir. 2002). We agree with the administrative judge that, given the appellant's disciplinary history, the frequent nature of her misconduct, and the limited possibility of rehabilitation, the appellant's 30-day suspension falls within the limits of reasonableness. ID at 18-19. Although we have not sustained one specification of AWOL on petition for review, we find that the absence of this one specification does not otherwise render the 30-day suspension unreasonable. *See Luciano*, 88 M.S.P.R. 335, ¶ 13 (an agency's failure to sustain all supporting specifications may render a penalty unreasonable). The appellant's 30-day suspension is therefore AFFIRMED.

The appellant's remaining arguments fail to present a basis for overturning the initial decision.

¶11    We have considered the appellant's remaining arguments on petition for review and find that they fail to present a basis for overturning the initial decision. Specifically, we find no merit to her argument that she was denied a right to a hearing because she did not request a hearing when she filed her initial appeal, and she did not object to the administrative judge's prehearing conference summary and order explaining that the appellant had waived her right to a hearing. *See* IAF, Tabs 1, 28. We also find unpersuasive the appellant's attempt to raise an affirmative defense of whistleblower reprisal on petition for review, *see* PFR File, Tab 3 at 4-5, and we further agree with the administrative judge that the appellant's efforts to raise such a claim below were untimely, ID at 4 n.3.

The agency's letter of decision imposing the 30-day suspension provided the appellant a clear explanation of her appeal rights, including the preclusive effect of her election of remedies, and she did not raise an affirmative defense of whistleblower reprisal in her initial appeal. *See* IAF, Tab 18 at 56-57 (notice of election of remedies in letter of decision), Tab 1. The appellant, moreover, did not raise such a defense before the prehearing conference pursuant to 5 C.F.R. § 1201.24(b), and we agree with the administrative judge that this allegation was not asserted in a timely manner. *See* IAF, Tab 35 (order extending the close of record until October 9, 2014), Tab 37 (appellant's facsimile submission dated October 10, 2014).

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request further review of this final decision.

Discrimination Claims: Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Other Claims:  Judicial Review

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices described in 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction to review this final decision. The court of appeals must receive your petition for review within 60 days after the date of

this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:        _____
                                      William D. Spencer
                                      Clerk of the Board

Washington, D.C.