the quitclaim deed was finally put to rest before the appeal was taken.

We have also carefully considered the allegations Mr. Edwards makes in his appeal brief that he has been the victim of unfair treatment by the government agencies with which he has had commerce and by the U.S. courts in which he has carried on his litigation against the United States. We find no merit in those allegations. Because the decision of the Claims Court dismissing Mr. Edwards's complaint is correct, we affirm.

No costs

**John P. LUCIANO, Petitioner,**

v.

**DEPARTMENT OF THE TREASURY,**
**Respondent.**

No. 01–3292.

United States Court of Appeals,
Federal Circuit.

March 7, 2002.

Before MAYER, Chief Judge, RADER and GAJARSA, Circuit Judges.

PER CURIAM.

John P. Luciano seeks review of the April 23, 2001, decision of the Merit Systems Protection Board, No. SE0752990177–I–1, sustaining his termination of employment by the Department of the Treasury for insubordination and absences without leave. We *affirm*.

A board decision must be affirmed unless it is found to be: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1994).

When the board reviews an agency penalty, it must consider and balance the relevant *Douglas* factors to determine if the penalty is within the tolerable limits of reasonableness. *See Kline v. Dep't of Transp.*, 808 F.2d 43, 46 (Fed.Cir.1986); *Douglas v. Veterans Administration*, 5 MSPB 313, 5 M.S.P.R. 280, 305–06 (1981). Luciano argues that substantial evidence does not support the board's finding that he had been placed on notice that his conduct could result in disciplinary action. *See Douglas*, 5 MSPB 313, 5 M.S.P.R. at 305 (factor (9) for consideration is the clarity with which the employee was on notice of any rules that were violated in committing the offense, or had been warned about the conduct in question). We disagree. The record demonstrates that Luciano received two letters and the employee handbook, which stated that insubordination and absences without leave could lead to disciplinary action. Luciano's argument, that these materials make clear that "AWOL is not a disciplinary action" but purely a pay issue, is unavailing because these materials state in full that "AWOL is not a disciplinary action, but could form the basis for one."

Luciano also argues that the board's consideration of additional *Douglas* factors, which were not the subject of charges against him, was not in accordance with law. The board, however, properly considered Luciano's past disciplinary record which contained a letter of reprimand for making inappropriate remarks to his supervisor, his performance evaluations, and allegations by the agency that he created a hostile work environment. Contrary to Luciano's contention, consideration of

these factors does not result in additional charges, but becomes part of the analysis as to whether the penalty for the sustained charges is reasonable. *See Kline,* 808 F.2d at 46.

Finally, Luciano argues that the board accorded the testimony of the agency's deciding official undue weight. Unrebutted declarations made under penalty of perjury, as here, however, are entitled to considerable weight. And the record does not substantiate Luciano's assertion that the deciding official provided false or misleading information.