**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MICHAEL J. BROKMEIER,
              Appellant,

              v.

DEPARTMENT OF THE ARMY,
              Agency.

DOCKET NUMBER
DE-0752-14-0325-I-1

DATE: April 18, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Peter C. Rombold, Esquire, Junction City, Kansas, for the appellant.

Eric L. Carter, Esquire, Fort Riley, Kansas, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed his reassignment and reduction in grade. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to apply the correct analytical framework to the appellant's affirmative defense of reprisal for engaging in activity protected under the Rehabilitation Act, we AFFIRM the initial decision.

## BACKGROUND

¶2     The appellant was a GS-1811-12 Supervisory Criminal Investigator who supervised a mixed group of both civilian and military personnel at the agency's Directorate of Emergency Services, Police Provost Marshal Division, Military Police Investigations Branch, at Fort Riley, Kansas. On September 9, 2013, the appellant's supervisor, the Chief of Police, directed him to instruct his subordinates to stop spreading rumors, because there were a number of rumors circulating around the workplace, including a sexual harassment rumor involving employees within the division. The appellant then held a meeting with three of his military staff and stated: "If you are spreading rumors that can harm anyone's career, you are done. [. . .] This is still my office, no more running to the Battalion or the Detachment. If you have an issue, come see me." Initial Appeal File (IAF), Tab 6 at 8, 53, 73, 87, 115, 122, 129. Based on that incident, the agency issued a notice of proposed removal proposing his removal on charges of "reprisal" and conduct unbecoming a Federal employee. *Id.* at 52-56. The

deciding official mitigated the proposed removal to a reassignment and reduction in grade effective April 6, 2014. *Id.* at 27-32.

¶3 On appeal, after conducting a 3-day hearing, the administrative judge issued an initial decision that sustained both charges based on his assessment of the witnesses' credibility, including the appellant's demeanor. IAF, Tab 41, Initial Decision (ID) at 6-14. He found that the appellant failed to prove his affirmative defenses of disability discrimination, retaliation for protected equal employment opportunity (EEO) activity, and harmful error. ID at 15-21. He also found that the penalty was within the tolerable bounds of reasonableness. ID at 21-25.

¶4 The appellant petitions for review of the initial decision. Petition for Review (PFR) File, Tab 5. The agency responds in opposition to the petition for review. PFR File, Tab 7.

## ANALYSIS

¶5 The material facts of this appeal are set forth in the initial decision and are not in dispute. The appellant admits that he made the following statement during the meeting in question:

> If you are spreading rumors that can harm anyone's career, you are done. [. . .] This is still my office, no more running to the Battalion or the Detachment. If you have an issue, come see me.

IAF, Tab 6 at 8, 53, 73, 87, 115, 122, 129. He does not allege that the agency misunderstood what he meant or that the agency took his statement out of context. Instead, he alleges on review that he made this remark at the direction of his boss, the Chief of Police. PFR File, Tab 5 at 8-11. It is not disputed that the Chief instructed the appellant to meet with his subordinates and tell them to stop spreading rumors. IAF, Tabs 36-38, Hearing Compact Diskette (HCD) (testimony of the Chief). However, the administrative judge found, and we agree, that the Chief's instruction could not reasonably be construed as an order for the appellant to threaten his subordinates with removal or to prohibit them from using their military chain of command to raise possibly legitimate concerns. ID at 10.

¶6  As noted above, the agency brought two charges based on the incident in question. Under the first charge, the agency contended that the appellant committed "reprisal" in violation of Army Regulation (AR) 600-20, ¶ 5-12(c), Army Command Policy (2008), a section of the agency's policy regarding the Military Whistleblower Protection Act. IAF, Tab 6 at 52, 136-38. Therefore, the agency had to prove that the appellant's actions violated the regulation. IAF, Tab 6 at 52, 137; *see Marler v. Department of Veterans Affairs*, 58 M.S.P.R. 116, 119-20 (1993).

¶7  The general statement that precedes the enumerated subparagraph of AR 600-20 states that agency employees may not take acts of reprisal against soldiers for filing discrimination complaints or sexual harassment charges. IAF, Tab 6 at 137. In the specific subparagraph cited in the notice of proposed removal, the regulation states:

> No employee or Soldier may take or threaten to take an unfavorable personnel action, or to withhold or threaten to withhold a favorable personnel action, in reprisal against any Soldier for making or preparing a protected communication.

*Id.*

¶8  The agency did not provide the portion of the regulation defining the term "protected communication." The version of AR 600-20 released in 2014 defines a "protected communication" as a communication within the chain of command or to other specific individuals (e.g., a Member of Congress, an Inspector General, an investigator, an auditor, etc.), which the member of the Armed Forces "reasonably believes evidences a violation of law or regulation, including a law or regulation prohibiting sexual harassment or unlawful discrimination, gross mismanagement, a gross waste of funds or other resources, an abuse of authority, or a substantial and specific danger to public health or safety." AR 600-20, ¶ 5-12(b) (Nov. 6, 2014); *see* AR 600-20, ¶ 5-12(c), (d); *see also* AR 600-20, ¶ 5-12(b) (July 24, 2020) (providing a more expansive definition of the term "protected communication" in the current version of the Army Regulation).

Accordingly, threatening reprisal is misconduct pursuant to the agency's regulations. Moreover, the appellant's blanket prohibition against "running to the Battalion or the Detachment," would prohibit his subordinate employees from making a protected communication to the Battalion or the Detachment. We find, therefore, that the administrative judge properly construed the first charge. In addition, because the appellant admitted making the statement in question, and because the statement on its face threatened negative consequences should one of the appellant's subordinates take issues to the Detachment or the Battalion, we agree with the administrative judge that the agency proved its first charge. ID at 6-12.

¶9      The second charge is a conduct unbecoming charge based on the same incident and operative facts as the first charge. To prove a charge of conduct unbecoming, the agency is required to demonstrate that the appellant engaged in the underlying conduct alleged in support of the broad label. *Raco v. Social Security Administration*, 117 M.S.P.R. 1, ¶ 7 (2011); *Canada v. Department of Homeland Security*, 113 M.S.P.R. 509, ¶ 9 (2010). The agency labeled this an "alternative" charge in its removal notice. The administrative judge correctly concluded that, because the two charges contain slightly different elements of proof, they should be treated as separate charges. *Campbell v. Department of the Air Force*, 72 M.S.P.R. 480, 484 (1996); *Walker v. Department of the Navy*, 59 M.S.P.R. 309, 318 (1993) (finding that a single set of actions can support more than one charge as long as the charges entail different elements of proof). The administrative judge further found that the agency proved the second charge by preponderant evidence because it demonstrated that the appellant engaged in the underlying conduct set forth in the proposal letter, and we see no reason to disturb his determination.

¶10    As to the agency's penalty determination, the administrative judge correctly found that the agency properly considered the *Douglas*[2] factors most relevant to the case and reasonably exercised its management discretion. *Gray v. Government Printing Office*, 111 M.S.P.R. 184, ¶ 18 (2009) (stating that the Board's function concerning its review of an agency's penalty selection is not to displace management's responsibility, but to determine whether management exercised its judgment within the tolerable limits of reasonableness). Although the agency brought two charges, it indicated that the second charge was an alternative charge; as such, there is no evidence in the record that the deciding official based his penalty determination on two charges, rather than one. To the extent that he did, the reprisal charge alone is sufficient to sustain the penalty. *See Gaines v. Department of the Air Force*, 94 M.S.P.R. 527, ¶ 6 (2003); *Luciano v. Department of the Treasury*, 88 M.S.P.R. 335, ¶ 10 (2001), *aff'd*, 30 F. App'x 973 (Fed. Cir. 2002).

¶11    The appellant spends a significant portion of his petition for review discussing the nature of the rumors he was directed to "squelch" and implying that the administrative judge's discussion of the context of the meeting unfairly makes his misconduct seem much worse than it actually was. PFR File, Tab 5 at 16-23. The record reflects that there were a number of rumors circulating in the office at the time, including a rumor about a possible reduction in force and another one about alleged sexual harassment. However, in their testimony, the Chief and the appellant made it abundantly clear that the point of the meeting was to discourage the spreading of all rumors regardless of subject matter, not only regarding sexual harassment. HCD (testimony of the Chief and the appellant). Therefore, to the extent that the administrative judge devoted attention to

---

[2] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board articulated a nonexhaustive list of factors relevant to the penalty determination in adverse actions.

background information about the nature of the rumors, his decision to do so provides no reason to disturb the initial decision.

¶12    The appellant argues on review that the length of time between the hearing and the issuance of the initial decision means that the administrative judge probably forgot the testimony, and this led him to make erroneous fact findings. PFR File, Tab 5 at 6-7. The appellant does not identify any material testimony that the administrative judge inaccurately recalled and, as stated above, the appellant admitted to the core facts underlying the charge. The length of time between the hearing and the issuance of the initial decision provides no basis for disturbing an initial decision, absent a showing that the appellant's rights were actually prejudiced by the delay. There has been no such showing here.

¶13    Finally, the appellant does not challenge on review the administrative judge's finding that he failed to prove his affirmative defenses. Nevertheless, we modify the administrative judge's analysis of the appellant's retaliation claim to the extent that the underlying activity concerned Rehabilitation Act-protected activity. The administrative judge analyzed the appellant's EEO retaliation affirmative defense under the analytical framework set forth in *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶¶ 48-50 (2015), *clarified on other grounds by Gardner v. Department of Veterans Affairs*, 123 M.S.P.R. 647, ¶¶ 30-31 (2016). ID at 18-19. Subsequent to the initial decision, the Board issued *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 44-47, which clarified that a more stringent standard applies in the context of retaliation claims arising under the Rehabilitation Act, such that the appellant must prove that his Americans with Disabilities Act-protected activity was a "but-for" cause of the retaliation. The appellant's raising disability discrimination in his EEO complaint is protected by the Rehabilitation Act. ID at 18; *Pridgen*, 2022 MSPB 31, ¶ 44. However, given the administrative judge's undisputed finding that the appellant did not show that his protected activity was a motivating factor in his removal, ID at 18-19, we find that the appellant failed to meet the more stringent

"but-for" standard that applies to a Rehabilitation Act retaliation claim.[3]  As to the appellant's remaining affirmative defenses, we see no error in the administrative judge's analysis.  *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[3]  In analyzing the appellant's disability discrimination affirmative defense, the administrative judge found the appellant did not prove that his disability was a motivating factor in his reassignment and reduction in grade.  ID at 15-16.  We therefore need not reach whether the appellant's disability was a "but-for" cause of the agency's action.  *See Pridgen*, 2022 MSPB 31, ¶ 40.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.