**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

AUBREY BEASLEY,
        Appellant,

      v.

DEPARTMENT OF VETERANS
  AFFAIRS,
        Agency.

DOCKET NUMBER
CH-0752-17-0273-I-1

DATE: July 19, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Aubrey Beasley, Chicago, Illinois, pro se.

Robert Vega, Esquire, Hines, Illinois, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1     The agency has filed a petition for review of the initial decision, which mitigated the appellant's removal to a 30-day suspension. For the reasons discussed below, we GRANT the agency's petition for review. We AFFIRM the initial decision to the extent that it sustained the charge of inappropriate language

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

and found nexus. We REVERSE the administrative judge's decision to mitigate the penalty and AFFIRM the agency's removal action.

## BACKGROUND

¶2　　At all times relevant to the present appeal, the appellant held the position of Practical Nurse at the Jesse Brown Veterans Affairs (VA) Medical Center in Chicago, Illinois. Initial Appeal File (IAF), Tab 1 at 1, Tab 5 at 8. The agency removed him based on the charges of inappropriate language (two specifications), conduct unbecoming (one specification), and inappropriate conduct towards a coworker (one specification). IAF, Tab 5 at 8-19. The charges related to behavior towards a female coworker in November 2015 and November 2016, and the resulting December 2016 investigation into the incidents. *Id.* at 17-18.[2]

¶3　　The appellant timely appealed his removal. IAF, Tab 1. After holding a hearing, the administrative judge issued an initial decision sustaining the charge and two specifications of inappropriate language. IAF, Tab 39, Initial Decision (ID) at 3-4. Specification one of the inappropriate language charge in the proposed removal stated that, on November 30, 2016, while the appellant was in the breakroom with a male coworker, a female coworker called that individual on the telephone and the appellant "yelled out something along the lines of kill that bitch." IAF, Tab 5 at 17. Specification two stated that, during a December 12, 2016, meeting with management regarding the appellant's alleged interpersonal conflicts with the female coworker, he admitted to calling the coworker a "bitch" on one unspecified occasion after she had allegedly lied about him acting inappropriately towards her. *Id.* The administrative judge did not sustain the charges of conduct unbecoming and inappropriate conduct towards a coworker. ID at 4-7. The administrative judge found that, although the appellant seemingly

---

[2] The removal became effective March 24, 2017, IAF, Tab 5 at 10, prior to the enactment of the Department of Veterans Affairs Accountability and Whistleblower Protection Act of 2017, Pub. L. No. 115-41, 131 Stat. 862. Neither party has argued that that act has any bearing on this appeal.

raised an affirmative defense of disability discrimination, he failed to respond to the affirmative defenses order or present any evidence into the record or during the hearing regarding this issue. ID at 7-8. Therefore, the administrative judge found that the appellant had failed to prove his affirmative defense by preponderant evidence.[3] ID at 8.

¶4    The administrative judge mitigated the penalty of removal to a 30-day suspension. ID at 8-14. She did not grant deference to the agency's penalty determination, in large part because she sustained only the "least serious" of the three charges. ID at 8-9. In determining that the agency's penalty of removal exceeded the tolerable limits of reasonableness, the administrative judge focused on the context in which the appellant used the inappropriate language and the appellant's past discipline, both of which the deciding official considered aggravating factors. ID at 9-14. The administrative judge issued an interim relief order, stating that, should either party file a petition for review, the agency must provide the appellant with interim relief in accordance with 5 U.S.C. § 7701(b)(2)(A), effect the appellant's appointment to his former position of Practical Nurse, and provide the pay and benefits of that position while the petition for review was pending. ID at 15-16.

¶5    The agency has timely filed a petition for review asserting that the appellant's removal should be sustained. Petition for Review (PFR) File, Tab 1 at 5-19, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The agency has substantially complied with the interim relief order.

¶6    When, as here, the appellant was the prevailing party in the initial decision and interim relief was ordered, a petition for review filed by the agency must be

---

[3] A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

accompanied by a certification that it has complied with the interim relief order. 5 C.F.R. § 1201.116(a). On review, the agency submitted as evidence of compliance with the interim relief order a letter sent to the appellant instructing him to report to duty as a Practical Nurse on a date certain and informing him that it would provide him with pay, compensation, and benefits effective from the date of the initial decision, pursuant to 5 U.S.C. § 7701(b)(2), and replace his March 24, 2017 removal decision letter with documentation of a 30-day suspension in his personnel file no later than 20 days from the date of the letter. PFR File, Tab 1 at 20.

¶7        Although the appellant thereafter "request[ed] enforcement" of the initial decision, arguing that the agency had thus far failed to provide him with back pay, he did not raise any allegations of noncompliance with the interim relief order. PFR File, Tab 4 at 3. The administrative judge ordered the agency to pay the appellant the appropriate amount of back pay no later than 60 calendar days after the initial decision became final, and the agency filed a timely petition for review of the initial decision, which has not become the final decision of the Board. ID at 14-15; PFR File, Tab 1. The interim relief order did not require the agency to provide the appellant with any back pay prior to the date of the initial decision. ID at 15-16. Therefore, we find that the agency provided sufficient evidence that it complied with the interim relief order. *See Archerda v. Department of Defense*, 121 M.S.P.R. 314, ¶ 13 (2014).

The administrative judge erred in mitigating the penalty.

¶8        On review, the agency argues that the administrative judge erred in mitigating the agency-imposed penalty of removal to a 30-day suspension. PFR File, Tab 1 at 12-15. We agree. The agency also asserts that the administrative judge erred in not sustaining the conduct unbecoming and inappropriate conduct towards a coworker charges. *Id.* at 6-12. The Board need not address these allegations of error because, as discussed below, we find that the charge and specifications the administrative judge sustained warrant the appellant's removal.

*See Luciano v. Department of the Treasury*, 88 M.S.P.R. 335, ¶ 10 (2001), *aff'd*, 30 F. App'x 973 (Fed. Cir. 2002).

¶9        When an agency proves fewer than all of its charges, the Board may not independently determine a reasonable penalty; it may mitigate to the maximum reasonable penalty so long as the agency has not indicated in its final decision or during proceedings before the Board that it desires that a lesser penalty be imposed on fewer charges. *Alaniz v. U.S. Postal Service*, 100 M.S.P.R. 105, ¶ 14 (2005). The Board may impose the same penalty imposed by the agency if, after balancing the mitigating factors, it is the maximum reasonable penalty. *Id.* The Board's function in reviewing an agency's penalty selection is not to displace management's responsibility but to determine whether management exercised its judgment within the tolerable limits of reasonableness. *Id.* For the following reasons, we find that the record supports the reasonableness of the removal penalty.

¶10       During the hearing, the deciding official provided detailed testimony regarding his consideration of the relevant *Douglas*[4] factors in sustaining the appellant's proposed removal. Hearing Transcript (HT) at 169-82, 206-16. The deciding official testified that he viewed as aggravating factors the appellant's work in a healthcare setting with veterans, the high standard of conduct and behavior towards patients and other VA employees expected of an individual in the appellant's position, and the notoriety of the offense in negatively affecting the trust of veterans and the public in the level of patient care at the VA. HT at 170-71, 175-76. Although the appellant had a good performance record, the deciding official testified that the appellant's inability to get along with fellow workers outweighed his performance record in considering this *Douglas* factor. HT at 173, 196-97, 212-213; IAF, Tab 5 at 23-47. The deciding official testified

---

[4] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board set forth a nonexhaustive list of 12 factors that are relevant in assessing the penalty to be imposed for an act of misconduct.

that he could not recall another case involving a removal penalty for an employee who engaged in the charged conduct at issue in the present appeal, and therefore he considered the consistency of the penalty a neutral factor. HT at 174, 215-16. As noted by the administrative judge in her penalty analysis, the deciding official testified that he viewed as neutral the impact of the charged misconduct on the appellant's ability to perform his position. HT at 173-74; ID at 14. Regarding the effectiveness of an alternative penalty to deter such conduct in the future, the deciding official testified that lesser penalties in the appellant's two prior disciplinary actions "had failed in the past" to deter his misconduct. HT at 181-82.

¶11     We find that the aggravating factors outweigh the mitigating or neutral factors in this case. In considering the context in which the improper language was used, the administrative judge correctly noted that the November 30, 2016 incident occurred in a breakroom and, according to hearing testimony, while the appellant and the male coworker who received the telephone call from the female coworker were eating lunch. ID at 10; HT at 11-12, 39. However, the context of the telephone call over which the appellant shouted the abusive language towards the female coworker was a work-related telephone call regarding one of the patients on the floor on which the appellant and other employees worked. HT at 11-12, 39-42. Moreover, the male coworker testified that the appellant's statements were loud enough for everyone in the breakroom to hear and that he hung up the telephone because he did not want the female coworker to hear the appellant's statements. HT at 42. Therefore, the coworker ended a telephone call about patient care because of the inappropriate language used by the appellant.

¶12     We disagree with the administrative judge that the interpersonal issues between the appellant and his female coworker were a mitigating factor in considering the context in which he used inappropriate language. As discussed by the administrative judge, prior to the November 30, 2016 incident, the female coworker had accused the appellant of touching her inappropriately. ID at 10.

VA police investigated this allegation but found "no proof to substantiate" the complaint, and the agency did not charge the appellant with misconduct related to this alleged incident in the proposed removal.  IAF, Tab 5 at 17-19, 58-72. Although the administrative judge noted that the female coworker had taken out a civil no-contact order against the appellant, she did not acknowledge that VA police advised the coworker to obtain the no-contact order and that it was in effect at the time of the November 30, 2016 incident, having been extended by a Cook County Circuit Court judge approximately 6 weeks prior.  ID at 10; IAF, Tab 5 at 61-64.  Regardless of the outcome of any litigation or VA police investigation of the appellant, we find it serious that the appellant used inappropriate or abusive language towards or about the female coworker under these circumstances.  Furthermore, the deciding official testified that he had taken the job tension and personal issues that the appellant discussed in his oral reply into consideration, but he weighed this against the safety and well-being of veteran patients and agency employees in the working environment.  HT at 180-81.

¶13     The Board's review of a prior disciplinary action challenged by an appellant is limited to determining whether the action is clearly erroneous, provided that the employee was informed of the action in writing, the action is a matter of record, and the employee was permitted to dispute the charges before a higher-level authority than the one that imposes the discipline.  *Bolling v. Department of the Air Force*, 9 M.S.P.R. 335, 339-40 (1981).  A challenged prior action will be discounted as clearly erroneous if it leaves the Board with the definite and firm conviction that a mistake has been committed.  *Id.* at 340.

¶14     The proposed removal identified two prior disciplinary actions, as follows: (1) an April 2014 three-day suspension, mitigated from a proposed 7-day suspension, for disrespectful conduct towards a coworker; and (2) a 7-day suspension for bringing a child to work and creating a work slowdown.  IAF, Tab 5 at 18, 109-12, 114-17.  During the prehearing conference, the appellant

stated that he wished to challenge the merits of these prior suspensions. IAF, Tab 25 at 4-5. Therefore, the administrative judge ordered the agency to provide additional documentary evidence regarding the prior disciplinary actions. *Id.*; IAF, Tab 30. She found that, in each of the prior actions, the appellant was informed in writing, the actions were a matter of record, and the appellant had the opportunity to dispute the charges before a higher level of authority. ID at 12; *see Bolling*, 9 M.S.P.R. at 339-40. The April 2014 suspension involved the appellant using obscene, abusive language towards a fellow healthcare professional in a work setting in front of patients and invading the coworker's personal space. IAF, Tab 30 at 6-32. The administrative judge made no finding that the April 2014 three-day suspension was clearly erroneous, and, following our review of the record, we see no reason to make such a finding. ID at 12; IAF, Tab 30 at 6-32.

¶15    We disagree with the administrative judge's finding that the appellant's 7-day suspension for bringing a child to work and creating a work slowdown was too harsh and should not have been considered as a second prior offense by the deciding official. ID at 11-14; IAF, Tab 30 at 33-81. The administrative judge stated that the appellant had testified that the rehabilitation floor on which he worked was short-staffed on the day in question and that the "charge nurse told him to stay." ID at 12-13. However, a review of the hearing transcript reflects that the appellant testified only that the charge nurse "knew that [his] child was there." HT at 189-90, 271-72. We note that the appellant stated in an interview with management shortly after the incident that the nursing supervisor knew "later in the day" that his daughter was on the ward. IAF, Tab 30 at 36. Therefore, the record does not support the administrative judge's conclusion that management somehow instructed the appellant to remain at work with his daughter on the ward. ID at 13. During the hearing, the deciding official testified that he had not been involved in the November 2015 suspension action, but he believed that a 7-day suspension for bringing a child to work in a VA

hospital was a reasonable application of discipline.  HT at 211-12.  In particular, the deciding official contrasted an employee bringing his child into the medical ward with children allowed under the visitor policy.  HT at 208.  He testified that visitors are supervised by nursing staff to ensure that hand hygiene and other disease precautions are followed in the controlled environment.  *Id.*  Thus, the record does not support the administrative judge's conclusion that the agency's decision to discipline the appellant was clearly erroneous.  ID at 12-14.

¶16      Further, the administrative judge's opinion that a lesser penalty of a letter of warning, reprimand, or an admonishment would have sufficed does not mean the incident should not be considered as prior discipline.  ID at 13.  A letter of warning, reprimand or admonishment would constitute a prior offense and aggravating factor.  *See Richard v. Department of the Air Force*, 43 M.S.P.R. 303, 308 n.4, *aff'd*, 918 F.2d 185 (Fed. Cir. 1990); *Mitchell v. U.S. Postal Service*, 32 M.S.P.R. 362, 365 (1987) (finding that a prior written counseling may serve as an aggravating factor).

¶17      Finally, we disagree with the administrative judge that removal for an offense of inappropriate language is inconsistent with the agency's table of penalties.  ID at 14.  As discussed above, the sustained charge at issue in the present appeal was the appellant's third disciplinary offense overall and second particular offense for disrespectful conduct or inappropriate language towards or about a coworker within a period of less than 3 years.  ID at 11; IAF, Tab 5 at 18.  Regarding the calculation of prior offenses, the VA Handbook states as follows:

> Offenses need not be identical in order to support progressively more severe disciplinary/adverse action against an employee.  For example, an employee who has received an admonishment for AWOL can receive a reprimand for sleeping on duty, and possibly be suspended or removed for a third offense unrelated to the two previous infractions.

IAF, Tab 5 at 154.  The deciding official testified that he considered the charges at issue in the present appeal the appellant's third disciplinary offense.  HT

at 175. The agency's table of penalties states that the penalty for a third offense of "[d]isrespectful, insulting, abusive, insolent or obscene language or conduct to or about supervisors, other employees, patients, or visitors" is removal. IAF, Tab 5 at 159. The penalty for a second offense of such misconduct is a 14-day suspension to removal. *Id.* Therefore, we find that the agency's chosen penalty is also consistent with the table of penalties for the sustained charge.

¶18 Disrespectful conduct as manifested by the use of abusive language is unacceptable and not conducive to a stable working atmosphere; an agency, therefore, is entitled to expect employees to comport themselves in conformance with accepted standards. *Wilson v. Department of Justice*, 68 M.S.P.R. 303, 310 (1995). Although the administrative judge considered the inappropriate language charge the "least serious of the three charges," ID at 9, removal may be a reasonable penalty, even for relatively minor misconduct, when an employee has a record of prior discipline, *Alaniz*, 100 M.S.P.R. 105, ¶ 16. The administrative judge noted that not all cases before the Board involving conduct similar to the appellant's have resulted in removal. ID at 9-10. However, the cases cited by the administrative judge involved employees with either no prior disciplinary history or prior discipline for dissimilar conduct to that for which the agency removed the employee. ID at 10 (citing *Sublette v. Department of the Army*, 68 M.S.P.R. 82, 89-90 (1995); *Davis v. Department of Justice*, 63 M.S.P.R. 360, 367-68 (1994); *Sternberg v. Department of Defense*, 52 M.S.P.R. 547, 559 (1992); *Theisen v. Veterans Administration*, 31 M.S.P.R. 277, 279-82 (1986); *Kullenberg v. Veterans Administration*, 21 M.S.P.R. 513, 518 (1984)). In contrast, the appellant had a prior disciplinary record, including a prior offense for disrespectful conduct towards a coworker. IAF, Tab 5 at 109-12, 114-17. Therefore, the record supports the reasonableness of the deciding official's decision to sustain the penalty of removal. *Id.* at 10-13.

¶19 The appellant does not challenge, and we see no reason to disturb, the administrative judge's findings that the agency proved the charge of inappropriate

language with two specifications by preponderant evidence.  PFR File, Tab 4 at 3; *see Crosby v. U.S. Postal Service*, [74 M.S.P.R. 98](), 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility); *Broughton v. Department of Health and Human Services*, [33 M.S.P.R. 357](), 359 (1987); *see also Haebe v. Department of Justice*, [288 F.3d 1288](), 1302 (Fed. Cir. 2002) (holding that the Board may overturn credibility determinations only when it has "sufficiently sound" reasons for doing so).  Similarly, we find no reason to disturb the administrative judge's finding that the appellant failed to present any evidence or argument regarding his affirmative defense of disability discrimination, which he does not challenge on review.  PFR File, Tab 4 at 3; ID at 7-8.

¶20      We conclude that management's chosen penalty of removal falls within the tolerable limits of reasonableness.  *See, e.g.*, *Alaniz*, [100 M.S.P.R. 105](), ¶¶ 14-15; *Wilson*, 68 M.S.P.R. at 309-10 (sustaining a removal for disrespectful conduct and the use of insulting, abusive language); *see also Lewis v. Department of Veterans Affairs*, [80 M.S.P.R. 472](), ¶¶ 7-10 (1998) (upholding removal for disrespectful conduct towards a supervisor in the presence of coworkers, particularly considering that the employee was previously disciplined for similar misconduct).  Accordingly, we reverse the administrative judge's decision to mitigate the penalty and affirm the agency's removal action.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision.  [5 U.S.C. § 7703](a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  [5 U.S.C. § 7703](b).

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on

petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

/s/ for
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.