# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| WAYNE E. DAWSEY,<br>　　　　　Appellant, | DOCKET NUMBER<br>AT-0752-19-0736-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE,<br>　　　　　Agency. | DATE: June 17, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

David H. Brown, Jacksonville, Florida, for the appellant.

Jason L. Hardy, Esquire, Clearwater, Florida, for the agency.

Ronald E. Jones, Plano, Texas, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the agency's removal action. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify the proper analysis of the penalty, we AFFIRM the initial decision.

## BACKGROUND

The appellant was a Tractor Trailer Operator with the United States Postal Service. Initial Appeal File (IAF), Tab 5 at 29. The appellant signed up for the overtime-desired list, indicating that he was available to work "Before Tour and Off-Duty" assignments. *Id.* at 46. The appellant was scheduled to work an overtime shift on June 16, 2019. *Id.* at 41. The appellant did not show up to work, and he did not request leave. IAF, Tab 1 at 14. As a result, the agency proposed to remove the appellant based on a single charge of unacceptable conduct with two specifications: (1) failure to follow mandatory leave requesting procedures, and (2) being absent from overtime (AOT). IAF, Tab 5 at 29-32. The appellant was notified of his right to respond, but he did not do so. *Id.* at 16, 31. The agency subsequently sustained both specifications and the unacceptable conduct charge and removed the appellant, effective August 12, 2019. *Id.* at 16-21.

The appellant filed the instant appeal, stating that he did not realize he was scheduled to work on the date in question. IAF, Tab 1 at 14. During the prehearing conference, the administrative judge indicated that she was construing the two specifications as two separate charges because they were written to describe separate charges with specific elements. IAF, Tab 10 at 2-3. She also indicated that she was construing the AOT charge as a charge of absence without leave (AWOL). *Id.* at 3. Neither party objected below to the administrative judge's construction of the charges in this manner.

After holding a hearing, the administrative judge affirmed the agency's charges and removal action. IAF, Tab 13, Tab 14, Initial Decision (ID) at 1. The administrative judge sustained both of the agency's charges. ID at 3-5. Regarding the first charge, the administrative judge found that the appellant was required to request leave when the agency properly scheduled him to work. ID at 3-4. Regarding the second charge, the administrative judge credited the appellant's testimony that he was not aware he was scheduled to work on the day in question. ID at 4-5. However, she found that his ignorance did not negate the fact that he failed to show up for a scheduled overtime shift or request leave. *Id.* The administrative judge additionally found a nexus between the appellant's conduct and the efficiency of the service. ID at 5. She further found the penalty to be reasonable. ID at 5-7. She noted that the deciding official appeared to inappropriately rely on the appellant's prior discipline that had expired; however, the deciding official testified that she would have upheld the appellant's removal even in the absence of that prior discipline. ID at 6. The administrative judge found that the appellant failed to establish his disparate penalty claim because he failed to present evidence of any other employee who was similarly situated to him in terms of disciplinary history and other factors. ID at 7. The administrative judge ultimately found that the deciding official appropriately considered the relevant factors in determining the appropriate penalty. *Id.*

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. He argues that although he knew the procedures for requesting leave on a regular work day, the agency failed to prove that he was on notice of the leave requesting procedures for an off day, and thus the agency failed to prove the first charge. *Id.* at 2. He further argues that the two separate charges should have been merged. *Id.* Finally, he argues that the agency failed to prove the second charge because it failed to prove that he was carried in an AOT status. *Id.* The agency has responded to the petition for review, and the appellant has replied. PFR File, Tabs 3, 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

We are not persuaded that merger of the charges was appropriate.

The appellant on review argues that because the two charges arise out of the same set of facts, the charges should have been merged. PFR File, Tab 1 at 2. We disagree. The Board has specifically held that AWOL and failure to follow leave procedures are separate charges with different elements of proof. *Valenzuela v. Department of the Army*, 107 M.S.P.R. 549, 553 n.* (2007). Accordingly, we are not persuaded that the administrative judge should have merged the charges.

The administrative judge correctly sustained the failure to follow mandatory leave requesting procedures charge.

The appellant on review argues that the agency failed to prove this charge because he was not on notice of procedures for requesting leave on an off day. PFR File, Tab 1 at 2. We disagree.

An agency may take disciplinary action against an employee based on his failure to follow leave-requesting procedures provided he is clearly on notice of such requirements and the likelihood of discipline for failure to comply. *Valenzuela*, 107 M.S.P.R. 549, ¶ 9. The appellant admits that he was aware of the leave procedures generally. PFR File, Tab 1 at 2. The appellant does not cite,

5

and the record does not support, that there were separate leave procedures for requesting leave from overtime duty. To the contrary, the agency's leave policy makes no distinction between regular duty and overtime, and instead applies to all "scheduled days, including Saturdays, Sundays, and holidays." IAF, Tab 5 at 53-54. The appellant here admits that he was scheduled to work overtime on the day in question. PFR File, Tab 1 at 1; IAF, Tab 1 at 14. As such, the policy applied to him, and he was required to request leave on the day in question if he was going to be absent.

The agency's policy further notes that such absences may be the basis for disciplinary action. IAF, Tab 5 at 54. The appellant here was aware of the likelihood of discipline based on his numerous prior disciplinary actions stemming from attendance-related misconduct. *Id.* at 45, 48-52, 59-61, 63-64. Accordingly, we agree with the administrative judge that the agency proved that the appellant failed to follow the mandatory leave requesting procedures.

The administrative judge correctly sustained the charge of failure to report for overtime and being carried in AOT.

The appellant argues on review that the agency failed to prove that he was carried in AOT status as stated in the charge. PFR File, Tab 1 at 2. We are not persuaded that this argument warrants a different outcome.

As noted above, the administrative judge essentially construed this charge as an AWOL charge, and the appellant did not object below to this construction. In order for an agency to prove AWOL, the agency must show that the employee was absent, and that his absence was not authorized or that his request for leave was properly denied. *Valenzuela*, 107 M.S.P.R. 549, ¶ 9. An agency is required to prove only the essence of its charge, and need not prove each factual specification supporting the charge. *Cole v. Department of the Air Force*, 120 M.S.P.R. 640, ¶ 8 (2014). The fact that the agency's records show that he was in an AWOL status on June 16, 2019, IAF, Tab 5 at 39, as opposed to an AOT status, does not warrant a different outcome because the appellant admitted

that he was scheduled to work on the date in question, he did not show up for work that day, IAF, Tab 1 at 14, and he does not argue that his absence was authorized or that he requested leave. Rather, he argues that he was unaware that he was scheduled to work on the day in question. *Id.* The administrative judge found that he credibly testified that he was not aware that he was scheduled to work. ID at 4. We see no reason to disturb that credibility determination on review. However, the appellant's intent is not an element of the charge.[2] *Valenzuela*, 107 M.S.P.R. 549, ¶ 9. Thus, we agree with the administrative judge that his lack of knowledge of his schedule does not negate the fact that he failed to show up to work during a scheduled time. Accordingly, we agree that the agency proved that the appellant was absent from his scheduled work and his absence was not authorized.

The administrative judge erred in deferring to the deciding official's penalty determination, but we conclude that the removal penalty is reasonable.[3]

Where the Board sustains an agency's charges, it will defer to the agency's penalty determination unless the penalty exceeds the range of allowable punishment specified by statute or regulation, or unless the penalty is "so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion." *Batten v. U.S. Postal Service*, 101 M.S.P.R. 222, ¶ 9 (quoting *Parker v. U.S. Postal Service*, 819 F.2d 1113, 1116 (Fed. Cir. 1987)), *aff'd*, 208 F. App'x 868 (Fed. Cir. 2006). This is because the employing agency, and not the Board, has primary discretion in maintaining employee discipline and efficiency. *Id.* The Board will not displace management's responsibility, but

---

[2] Because the appellant's intent may be relevant to our analysis of the penalty, we discuss this issue below.

[3] The administrative judge found a nexus between the appellant's misconduct and the efficiency of the service. ID at 5. The parties do not dispute this finding on review, and we see no reason to disturb it. *See, e.g.*, *Adams v. Department of Labor*, 112 M.S.P.R. 288, ¶ 8 (2009) (finding that any sustained charge of AWOL is inherently connected to the efficiency of the service as an essential element of employment is to be on the job when one is expected to be there).

instead will ensure that managerial judgment has been properly exercised. *Id.* Mitigation of an agency-imposed penalty is appropriate only where the agency failed to weigh the relevant factors or where the agency's judgment clearly exceeded the limits of reasonableness. *Saiz v. Department of the Navy*, 122 M.S.P.R. 521, ¶ 5 (2015); *Batten*, 101 M.S.P.R. 222, ¶ 11. As relevant here, the factors to be considered in determining the appropriateness of a penalty include the employee's past disciplinary record, the clarity with which the employee was on notice of any rules that were violated in committing the office or had been warned about the conduct in question, the nature and seriousness of the offense, including whether it was intentional, and the adequacy and effectiveness of alternative sanctions to deter such conduct in the future. *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981).

The appellant does not explicitly challenge the reasonableness of the penalty on review. As the administrative judge noted in the initial decision, the deciding official considered as part of the penalty determination the appellant's 7-day suspension in August 2017 based on a sustained charge of failure to maintain a regular work schedule. IAF, Tab 5 at 18; ID at 6. However, at the time of the proposed action in question, that prior discipline had expired, IAF, Tab 5 at 62, thus rendering its consideration an error. We therefore find that the agency did not properly consider the relevant penalty factors, and thus, its determination of the appropriate penalty is not entitled to deference. *See, e.g.*, *Portner v. Department of Justice*, 119 M.S.P.R. 365, ¶¶ 11-15 (2013) (finding that the deciding official failed to consider the *Douglas* factor involving rehabilitative potential and concluding that the agency's penalty determination was not entitled to deference), *overruled on other grounds by Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶ 17. We modify the initial decision accordingly.

Nevertheless, based on our review of the relevant *Douglas* factors, removal is a reasonable penalty for the sustained misconduct. The most significant *Douglas* factor is the nature and seriousness of the misconduct. *Luciano v.*

*Department of the Treasury*, 88 M.S.P.R. 335, ¶ 23 (2001), *aff'd* 30 F. App'x 973 (Fed. Cir. 2002). The decision letter stated that the sustained misconduct was serious and directly related to the appellant's duties as a tractor trailer operator. IAF, Tab 5 at 18. We agree that the sustained misconduct is serious.[4] *Bowman v. Small Business Administration*, 122 M.S.P.R. 217, ¶ 5 (2015); *Luciano*, 88 M.S.P.R. 335, ¶ 23.

Setting aside the expired discipline, the appellant has an extensive disciplinary record for attendance-based charges, including a 30-day suspension for AWOL and failure to be regular in attendance, one 14-day suspension for failure to maintain a regular work schedule, and another 14-day suspension for failure to maintain a regular work schedule and failure to follow instructions. IAF, Tab 5 at 45, 48-52, 58-61, 63-64. This lengthy disciplinary record also demonstrates that the appellant was clearly on notice of the rules that he violated and had been warned about further misconduct. Moreover, given his failure to correct his past misconduct, we find that any alternative sanction would be ineffective to deter future misconduct. Additionally, the appellant has not identified, and we are not aware of, any evidence that would demonstrate rehabilitative potential. We have considered whether the removal penalty is consistent with those imposed upon other employees for the same or similar offenses, but the appellant has offered no evidence of similarly situated employees. We have considered the fact that the appellant has been employed with the agency since 2006, *id.* at 16, which is favorable to him. Finally, the appellant evidently contacted the Employee Assistance Program after the notice of proposed removal was issued, *id.*, but there is no evidence of any medical or

---

[4] In analyzing this *Douglas* factor, we defer to the administrative judge's finding that the appellant's failure to appear for overtime on the date in question was not intentional, ID at 7; *see Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (stating that the Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so).

mental conditions or other mitigating factors for us to consider. For these reasons, based on our review of the relevant *Douglas* factors, we conclude that removal is a reasonable penalty for the sustained misconduct.

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.